<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SARAH KARIM<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RB HEALTH (US) LLC,<br><br>　　　　　　Defendant. | Civil Action No. 25-14829 (SDW) (JRA)<br><br>**OPINION**<br><br>March 2, 2026 |

**WIGENTON**, District Judge.

Before this Court is Defendant RB Health (US) LLC's ("Defendant" or "RB Health") Motion to Dismiss (D.E. 3-1 ("Motion")) Counts I and II of Plaintiff Sarah Karim's ("Plaintiff") Complaint (D.E. 1 ("Compl.")) for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Motion to Stay Count III and Compel Arbitration. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's Motion to Dismiss Counts I and II and Stay Count III is **GRANTED in part and DENIED in part**.

## I.　FACTUAL BACKGROUND

Defendant hired Plaintiff as a Marketing Analytics Manager in 2022. (Compl. ¶ 2.) On November 21, 2024, Defendant notified Plaintiff that her employment would terminate on February 19, 2025 because of a reorganization. (*Id.*) The Notice Letter informed Plaintiff that she would have the opportunity to apply for open positions within the company. (Compl., Ex. A). The Notice Letter further stated that Plaintiff would be entitled to a severance package (the "Severance

Plan") if by February 19, 2025, Plaintiff did not decline a comparable position, resign, or was terminated for cause. (*Id.*) The Notice Letter also included links to the Severance Plan and the Severance Plan summary plan description (the "Severance Plan SPD"). (*Id.*)

On December 3, 2024, Plaintiff submitted an inquiry to Defendant regarding whether her 401(k) balance, including employer contributions, would be deemed vested if she was unable to secure continued employment with Defendant. (Compl. at ¶ 15.) Defendant's representative responded to the inquiry stating that for every employee terminated as part of the reorganization the employer contributions to their 401(k) accounts would be deemed 100% vested. (*Id*. at ¶ 17). Additionally, Plaintiff engaged in conversations with Varun Kakaria ("Kakaria"), Vice President of IT&D, North America, about joining his team within the IT&D organization that he was building at RB Health. (*Id*. at ¶ 5). Despite these discussions, Plaintiff alleges that Defendant failed to offer her a role with the company. (*Id.*) Subsequently, on February 12, 2025, Plaintiff declined any prospective opportunities with Defendant because she decided to accept a role with another company. (D.E. 3-2, Guillen-Walsh Decl. ¶ 5, Ex. 4.)

On July 14, 2025, Plaintiff filed suit against Defendant in the Superior Court of New Jersey, Law Division, Morris County. (D.E. 1.) The Complaint asserts three claims against Defendant: (1) violation of New Jersey's Millville Dallas Airmotive Plant Job Loss Notification Act, N.J. Stat. Ann. § 34:21-1 et seq. ("The Warn Act"); (2) breach of contract to pay severance; and (3) breach of contract to vest 401k. (See *generally* Compl.) Defendant removed the action to this Court on August 21, 2025. (D.E. 1.) Defendant then filed the instant Motion to Dismiss. (D.E. 3-1.) All briefing was timely completed.

## II.   **LEGAL STANDARD**

2

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229. Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.    <u>DISCUSSION</u>

### A.  Count I — Violation of the Warn Act

Pursuant to the New Jersey Warn Act, employers who conduct a mass layoff must provide severance equal to one week of pay for each full year of employment to each employee whose employment is terminated as a result of the mass layoff. N.J. Stat. Ann. § 34:21-2 (b). The New Jersey Warn Act defines a "termination of employment" as:

> [T]he layoff of an employee without a commitment to reinstate the employee to his previous employment within six months of the layoff, except that "termination of employment" shall not mean a voluntary departure or retirement or a discharge or suspension for misconduct of the employee connected with the employment or any layoff of a seasonal employee or refer to any situation in which an employer offers to an employee, at a location inside the State and not more than 50 miles from the previous place of employment, the same employment or a position with equivalent status, benefits, pay and other terms and conditions of employment

N.J. Stat. Ann. § 34:21-1.

Defendant contends that Count I must be dismissed because Plaintiff was offered continued employment and thus, Plaintiff did not experience a "termination of employment" as defined by the New Jersey Warn Act. (D.E. 3-1 ("Mov. Brief") at 20.) To support this contention, Defendant relies on emails between Plaintiff and Kakaria discussing potential opportunities for continued employment.[1] However, Plaintiff sufficiently pleads a claim under New Jersey's Warn Act. Plaintiff alleges that her employment with Defendant was terminated due to a reorganization and that Defendant did not offer a role with equivalent status, benefits, pay, and other terms and conditions of employment. Accordingly, Plaintiff sufficiently alleges that she experienced a "termination of employment" as defined by New Jersey's Warn Act.

Moreover, at the pleading stage, this Court cannot conclude that Plaintiff was offered comparable employment by interpreting the emails submitted by Defendant. Although the emails demonstrate discussions with Plaintiff about potential continued employment, it is unclear whether Defendant offered her a comparable position or role with equivalent status, benefits, and/or pay. Therefore, Defendant's Motion to Dismiss Count I is denied.

---

[1] District courts may consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *See United States v. Est. of Elson*, 421 F. Supp. 3d 1, 5 (D.N.J. 2019). This Court will consider the documents attached to Defendant's motion under Rule 12(b)(6) because they are referenced in the Complaint and Plaintiff's claims are based on them.

## B. Count II — Breach of Contract to Pay Severance

Defendant asserts that Count II must be dismissed because the Severance Plan is governed by the Employee Retirement Income Security Act ("ERISA"), therefore Plaintiff's breach of contract claim for severance benefits is preempted. (Mov. Brief at 20.) Plaintiff does not oppose Defendant's ERISA argument but instead contends that the Notice Letter created a separate contractual right to severance benefits. (D.E. 4 ("Opp. Brief") at 8.)

ERISA established federal causes of action in 29 U.S.C. § 1132(a) that preempt conflicting state laws, and it also contains a broad preemption provision in 29 U.S.C. § 1144(a) stating that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–09 (2004); *see also Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 226 (3d Cir. 2020). When a party challenges the denial of ERISA benefits, but restyles those claims as common-law causes of action based on breach of contract, the implied covenant of good faith and fair dealing, promissory estoppel, or quantum meruit, those claims are preempted. *See Gotham City Orthopedics, LLC v. Aetna Inc.*, No. 20-14915, 2021 WL 1541069, at *2 (D.N.J. Apr. 19, 2021). Here, Defendant alleges that the Severance Plan is governed by ERISA and Plaintiff does not dispute this fact. As such, Plaintiff's claim for breach of contract to pay severance is preempted by ERISA because the Severance Plan is governed by ERISA and Plaintiff's claims clearly relate to the ERISA Plan. Accordingly, Count II of Plaintiff's Complaint is dismissed.

## C. Count III — Breach of Contract to Vest 401k

Defendant moves to stay Count III of Plaintiff's Complaint stating that Plaintiff must first exhaust administrative remedies and then arbitrate her claims pursuant to the Plan's enforceable

arbitration provision.  (Mov. Brief at 8.)  Conversely, Plaintiff asserts that her breach of contract claim for failure to vest her 401(k) contribution is not subject to arbitration.  (Opp. Brief at 9.)

### A.  Exhaustion of Remedies

As a preliminary matter, this Court notes that the 401(k) Plan outlines a process for disputing the denial of benefits under the Plan and Plaintiff fails to set forth that she exhausted such administrative remedies provided by the Plan.  *See Rizzo v. First Reliance Standard Life Ins. Co.*, 417 F. Supp. 3d 479, 485 (D.N.J. 2019), *aff'd*, No. 20-1144, 2022 WL 17729430 (3d Cir. Dec. 16, 2022) ("[C]ourts have read an exhaustion of administrative remedies requirement into [ERISA] . . . The exhaustion requirement is "strictly enforced.") (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990) (collecting cases)).  Since exhaustion of remedies is considered an affirmative defense, "the defendant bears the burden of proving failure to exhaust."  *Am. Chiropractic Ass'n v. Am. Specialty Health, Inc.*, 625 F. App'x 169, 173 (3d Cir. 2015) (citing *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007)).  The defendant's burden does not shift to the plaintiff at the pleadings stage. *Am. Chiropractic Ass'n.*, 625 F. App'x at 173.  Unless the plaintiff's failure to adequately pursue her administrative remedies can be "conclusively established" from the complaint, the plaintiff's claim remains viable.  *See id.*

Here, Defendant maintains that Plaintiff failed to comply with the applicable administrative review procedures under the Plan.  Plaintiff's opposition does not address nor dispute that she did not in fact comply with the administrative review procedures under the Plan.  Additionally, Plaintiff's Complaint only alleges that Plaintiff emailed a company representative regarding the Plan instead of filing a claim as required by the Plan.  Based on the foregoing, this Court concludes that Defendant has met its burden of demonstrating that ERISA's exhaustion requirement warrants the dismissal of Plaintiff's claim.

### B. Arbitration

The Federal Arbitration Act ("FAA") was enacted to ensure the enforcement of private arbitration agreements.  *See, e.g., AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011) (noting that "our cases place it beyond dispute that the FAA was designed to promote arbitration"); 9 U.S.C. § 2 (2015) (providing that written arbitration agreements "shall be valid, irrevocable, and enforceable").  ERISA claims are subject to arbitration under the FAA when the parties have executed a valid arbitration agreement encompassing claims at issue.  *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1112 (3d Cir. 1993).  When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)).

Here, the 401(k) Plan, which is governed by ERISA, contains a valid and enforceable arbitration provision.[2]  Plaintiff alleges that she was a participant in the Plan and therefore is subject to the Plan's provisions, which includes a clear arbitration provision that states "[i]f any Participant disputes any final decision of the Benefits Committee, resolution of such claim shall be subject to arbitration. . ." (D.E. 1, Guillen-Walsh Decl. ¶ 4, Ex. 2 at 55.)  Plaintiff's claim clearly falls within the scope of claims covered by the Plan's arbitration provision.  Moreover, a reading of the plain text of the Plan informed Plaintiff that after exhausting her administrative remedies, arbitration would be her sole and exclusive remedy with respect to any claims arising from or related to the Plan.  Accordingly, Plaintiff's claims arising from or related to the 401(k) Plan must be arbitrated.

---

[2] As a plan governed by ERISA, Plaintiff fails to demonstrate why her 401(k) claim is also not preempted by ERISA.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts I and II and Stay

Count III is **GRANTED in part and DENIED in part**.  Plaintiff may file an amended complaint

pending the results of the arbitration proceedings.  An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**


Orig:    Clerk
cc:      José R. Almonte, U.S.M.J.
         Parties

8